**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLETON DOUGLAS BRYANT, | No. 12-35522 |
| Plaintiff - Appellant, | D.C. No. 6:12-cv-00178-AA |
| v. | |
| TROY MICKELSEN; CITY OF ALBANY, OREGON, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief Judge, Presiding

Submitted December 17, 2013[**]

Before: GOODWIN, WALLACE, and GRABER, Circuit Judges.

Carleton Douglas Bryant appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging that defendants violated his due

process rights when they questioned him and ordered him to leave an Amtrak

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

parking lot.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo. *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001).  We affirm.

The district court properly granted summary judgment on Bryant's Fifth Amendment claim because it was premised on the allegedly wrongful actions of a municipality and its employee, and the Fifth Amendment in this context applies only to actions of the federal government.  *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008).

The district court properly granted summary judgment on Bryant's Fourteenth Amendment claim because Bryant failed to raise a genuine dispute of material fact as to whether defendants deprived him of a federal right.  *See Chavez v. Martinez*, 538 U.S. 760, 774-76 (2003) (police officer's questioning of a suspect did not amount to a due process violation because "vague generalities, such as the right not to be talked to" does not suffice to implicate a fundamental liberty interest (citation and internal quotation marks omitted)); *Brittain v. Hansen*, 451 F.3d 982, 996-97 (9th Cir. 2006) (officer's threat of arrest was not sufficiently conscience shocking to constitute due process violation).

The district court did not abuse its discretion by denying Bryant's request for judicial notice of Bryant's personal narrative regarding the history of the Amtrak station because Bryant failed to show that the narrative contained facts that were

relevant or "not subject to reasonable dispute." Fed. R. Evid. 201(b); *see also*

*United States v. Woods*, 335 F.3d 993, 1000-01 (9th Cir. 2003) (setting forth

standard of review).

The district court did not abuse its discretion by excluding a nonparty's letter

because Bryant failed show that this hearsay evidence was relevant or

corroborated. *See* Fed. R. Evid. 807 (residual exception to hearsay rule); *Fonseca*

*v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 845 (9th Cir. 2004) (setting forth

standard of review).

Bryant's request that we issue our decision en banc, set forth in his opening

brief, is denied.

**AFFIRMED.**